[No. D003861. Fourth Dist., Div. One. Nov. 21, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
JO ALICE LOCHMILLER, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rules 976.1 and 976 (b), this opinion is certified for publication with the exception of sections II and III.

COUNSEL

Peter J. Hughes for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Robert M. Foster, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**BUTLER, J.**—Jo Alice Lochmiller entered a negotiated plea of guilty to 10 counts of selling unregistered securities (Corp. Code, § 25110). The court sentenced Lochmiller to serve the upper term of three years in prison on count one and imposed three-year concurrent terms on the remaining nine counts. Lochmiller appeals.

Jo Alice Lochmiller was employed by Lochmiller Mortgage Company, incorporated by her son in 1980. She sold corporate notes (investments in Lochmiller Mortgage Company) and securities which were not registered as required by California law. She was paid on a commission basis. She was assigned to a branch office in Escondido, California because she knew many people in that community. She had sold real estate for 12 years and had worked as a solicitor for a mortgage company in that area.

Lochmiller Mortgage advertised on television, in newspapers and through circulation of flyers. Jo Alice Lochmiller appeared on numerous television

commercials. Investors were attracted by promises of high interest and assurances the Lochmiller family business had been serving the community for 60 years. In fact, Lochmiller Mortgage was not affiliated with and did not have the backing and support of the well-established 60-year-old Lochmiller family businesses. The mortgage company filed bankruptcy in October 1982. Over 1,000 investors lost money in Lochmiller Mortgage. Many of them were elderly people who lost their life savings. Ms. Lochmiller sold unregistered securities to 11 of these investors who lost between $50,000 and $170,000. She had made separate sales at different times for different amounts of money to 10 of the 11 victims.

Ms. Lochmiller contends all counts but one should be stayed to avoid double punishment prohibited by Penal Code section 654; the sentencing court improperly relied upon statements of nonvictims at the sentencing hearing; and the court relied upon invalid aggravating factors in determining the appropriate sentence.

I

Penal Code section 654 proscribes multiple punishment for "[A]n act or omission which is made punishable in different ways by different" Penal Code provisions. ▮▮▮ Penal Code section 654 precludes double punishment for separate acts in a course of conduct deemed to be indivisible. (*People* v. *Beamon* (1973) 8 Cal.3d 625, 639 [105 Cal.Rptr. 681, 504 P.2d 905].) Quoting *People* v. *Beamon, supra,* at page 639, Lochmiller notes in determining whether offenses arise out of an indivisible course of conduct "[t]he initial inquiry . . . is to ascertain the defendant's objective and intent." She argues her intent or objective in selling unregistered securities was to obtain money to aid the Lochmiller Mortgage Company. She therefore should not be punished separately for each separate sale of the securities.

Because each unlawful sale occurred at different times for different amounts of money to different victims, punishment for each separate sale is not prohibited by Penal Code section 654. A single object, to obtain money, does not bar multiple punishment for separate crimes.

The situation here is analogous to that of the robber who commits several robberies and claims he had one objective, to gain money. In *People* v. *Levitt* (1984) 156 Cal.App.3d 500, 510-511 [203 Cal.Rptr. 276], the court stated: ". . . [W]here there are consecutive robberies in several communities

over a period of several hours, a defendant may not bootstrap himself into avoidance of additional penalties by claiming that the series of divisible acts, each of which had been committed with a separate identifiable intent and objective, composed an indivisible transaction. [Citation.]"

Citing *People v. Beamon, supra,* Lochmiller argues *Levitt* is inapposite because robbery is a crime of violence. In *Beamon,* the defendant was convicted of robbery and kidnapping. Both crimes arose out of a single incident. The court held *Beamon* could not be punished for both.

Lochmiller cites footnote 10 in the *Beamon* case in support of the argument crimes of violence are treated differently than crimes against property in applying section 654. The principle expressed in *Beamon* is inapplicable here. The *Beamon* court was referring to multiple crimes committed in the course of carrying out an objective on one occasion. With regard to incidents occurring at different times, the court said: "It seems clear that a course of conduct divisible in time, although directed to one objective, may give rise to multiple violations and punishment." (*People v. Beamon, supra,* 8 Cal.3d at p. 639, fn. 11.)

On this point, Lochmiller also argues the gravamen of the offenses she committed occurred only once, therefore, she can not be separately punished for the multiple crimes. ■ This argument is based upon an erroneous assumption that the only "gravamen" of the crime of selling unregistered securities is the failure to register the securities. In support of her assumption, Lochmiller notes the purpose of requiring registration of securities before sale is to protect the public against spurious schemes and to provide potential buyers with information so they can make informed decisions when purchasing securities. She concludes, given these purposes, registration of the securities is clearly the actus reus or gravamen of the registration statute. No direct authority is cited. The conclusion does not follow from the cited cases. While registration of a security prior to sale is clearly a "gravamen" of the registration law, sale of the security is also a "gravamen." Without a sale, it is irrelevant whether a security is registered.

■ Lochmiller, through her part in the unlawful scheme, took the life savings of a group of elderly citizens. She did so by making separate sales to 11 individuals on 10 occasions over a 3-month period. This was not one act or one indivisible course of conduct. To accept her argument, she could have continued to take the savings of every citizen in San Diego County and be punished no more than if she had done so to one individual. Penal Code section 654 simply does not apply.

## II-III*

. . . . . . . . . . . . . . . . . . . . . . . . . .

Judgment affirmed.

Wiener, Acting P. J., and Work, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 4, 1987.

---

*See footnote, *ante*, page —.